IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK DILLARD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )     CIV-15-1324-M |
| v. | ) |
| | ) |
| LATIMER COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. §1983 on November 10, 2015, seeking compensatory damages. Plaintiff is presently confined at the Clara Waters Community Corrections Center ("CWCCC") in Oklahoma City, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

With his Complaint, Plaintiff has filed an application for leave to proceed in forma pauperis. The Prison Litigation Reform Act ("PLRA") was enacted in 1996 in response to "a sharp rise in prisoner litigation in the federal courts," and the PLRA was "designed to bring this litigation under control." Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the PLRA's provisions, codified at 28 U.S.C. § 1915(g), "revoke[s], with limited exception, *in*

1

*forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous." Skinner v. Switzer, 562 U.S. 521 (2011).

Due to a history of filing frivolous civil actions, Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g).[1] Plaintiff therefore may not proceed *in forma pauperis* in this action unless he shows he is in imminent danger of serious physical injury. To satisfy the imminent-danger exception the litigant with three strikes must make "specific, credible allegations of imminent danger of serious physical harm." Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(quotations and citation omitted).

In his Complaint, Plaintiff names three Defendants, Latimer County, Oklahoma; Latimer County District Judge Bill Welch; and C. Henry, a prosecutor in Latimer County. Plaintiff alleges that he is serving "four illegal sentences" entered against him in the District Court of Latimer County, Oklahoma, and that Defendants "falsified documents" in connection with these sentences and/or in connection with the order of the District Court of Latimer County revoking one or more of his suspended sentence(s).

Plaintiff has made no attempt to show, and nothing in his Complaint demonstrates,

---

[1]The public records of the United States District Court for the Eastern District of Oklahoma show that Plaintiff has been given three "strikes" under 28 U.S.C. § 1915 because he has persistently brought actions under 42 U.S.C. § 1983 against the same Defendants based on the same frivolous claims. See Dillard v. Welch, et al., Case No. CIV-14-204-RAW-SPS (E.D.Okla. 2014)(Opinion and Order); Dillard v. Welch, et al., Case No. CIV-14-226-JHP-SPS (E.D.Okla. 2014)(Opinion and Order); and Dillard v. Latimer County, Oklahoma, et al., Case No. CIV-14-309-JHP-SPS (Opinion and Order).

that he is in imminent danger of serious physical injury.[2]

Because Plaintiff has not made a credible allegation of imminent, serious physical harm, his application seeking leave to proceed *in forma pauperis* should be denied pursuant to 28 U.S.C. § 1915(g) and the cause of action should be dismissed unless he pays the full filing fee.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's application seeking leave to proceed *in forma pauperis* be DENIED and that the cause of action be DISMISSED without prejudice unless Plaintiff pays the full filing fee on or before   December 28th  , 2015. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by     December 28th    , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation

---

[2] Plaintiff's allegations in the Complaint are similar to those he alleged in another 42 U.S.C. § 1983 action recently filed in this Court against the same three Defendants. In that action, Dillard v. Welch, No. CIV-15-1249-M, the undersigned recommended that the action be dismissed without prejudice for lack of venue. The undersigned further found that the interests of justice did not favor a transfer of the action to the appropriate court because Plaintiff's claims were premature and barred from judicial review by the doctrine established in Heck v. Humphrey, 512 U.S. 477, 481 (1994), and, alternatively, that Defendants Welch and Henry were entitled to absolute immunity and that Plaintiff had failed to state a viable § 1983 claim for relief against Defendant Latimer County. Plaintiff's Complaint in the instant action suffers from the same deficiencies as his previous complaint.

3

are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  7th  day of   December  , 2015.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE